## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Jennifer Johns<br>40 Amber Road<br>Rocky Point, NY 11778<br><br>and<br><br>Thomas Weihs<br>40 Amber Road<br>Rocky Point, NY 11778<br><br>    Plaintiffs,<br><br>v.<br><br>Encore Receivable Management, Inc.<br>117 Commerce Park Drive<br>Westerville, OH 43082<br><br>    Defendant. | Case No. 2:08-cv-00519<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

### FACTS COMMON TO ALL COUNTS

2. Plaintiff Jennifer Johns and Plaintiff Thomas Weihs are persons who incurred a consumer debt primarily for personal, family or household purposes.

3. Plaintiff Jennifer John and Plaintiff Thomas Weihs are legally married.

4. Defendant is a corporation doing business primarily as a consumer debt collector.

5. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3).

7. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

8. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

9. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

10. On or around February 22, 2008, Defendant telephoned Plaintiff Jennifer Johns.

11. During the communication referenced in Paragraph No. 9, Defendant threatened to sue Plaintiffs.

12. During the communication referenced in Paragraph No. 9, Defendant threatened to garnish Plaintiff Thomas Weihs' wages.

13. As a result of Defendant's threats referenced in Paragraphs No. 10 and No. 11, Plaintiff Jennifer Johns asked her mother ("Mother") to borrow money and was embarrassed about having to explain her financial situation.

14. On or around February 27, 2008, Defendant telephoned Plaintiff Thomas Weihs' father ("Father").

15. During the communication referenced in Paragraph No. 13, Defendant told Father that Defendant was looking for Plaintiff Thomas Weihs regarding a serious financial matter.

16. As a result of the communication referenced in Paragraph No. 13, Father learned that Plaintiffs owed a debt.

17. As a result of the communication referenced in Paragraph No. 13, Father was concerned for Plaintiffs' well-being.

18. At the time of the communications referenced above, Defendant had not obtained a judgment against either Plaintiff Jennifer Johns or Plaintiff Thomas Weihs.

19. Defendant damaged Plaintiffs emotionally and mentally and caused Plaintiffs substantial anxiety and stress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

27. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiffs.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

31. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiffs.

## COUNT SEVEN

### Invasion of Privacy by Public Disclosure of a Private Fact

33. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

34. Defendant released information which was private to Plaintiffs and concerned Plaintiffs' private life to Plaintiffs' family.

35. The disclosure of Plaintiffs' debt to these parties is highly offensive.

36. The information disclosed is not of legitimate concern to the public.

## COUNT EIGHT

### Invasion of Privacy by Intrusion upon Seclusion

37. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

38. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of Plaintiffs.

39. Defendant intentionally caused harm to the Plaintiffs' emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

40. Plaintiff has a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, and or private concerns or affairs.

41. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

42. As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

43. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

44. Plaintiff s pray for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

> RESPECTFULLY SUBMITTED,
>
> Macey & Aleman, P.C.
>
> By:   */s/ Richard J. Meier*
>    Richard J. Meier
>    Sears Tower
>    233 S. Wacker Drive
>    Suite 5150
>    Chicago, IL 60606
>    Tel:  866.339.1156
>    Fax: 312.822.1064
>    rjm@legalhelpers.com
>    *Attorney for Plaintiffs*